**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Jessica S. Allen, U.S.M.J. |
| | : | |
| v. | | Magistrate. No. 25-8286 |
| | : | |
| ANTHONY STANGO | | **CRIMINAL COMPLAINT** |

I, Ronald Pascale, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent with the Federal Bureau of Investigation, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

continued on the attached pages and made a part hereof.

s/ Ronald Pascale
_____
Ronald Pascale, Special Agent
Federal Bureau of Investigation

Special Agent Pascale attested to this Affidavit by telephone pursuant to F.R.C.P. 4.1(B)(2)(A) on this __12th__ day of September, 2025.

s/ Jessica S. Allen
_____
Hon. Jessica S. Allen
United States Magistrate Judge

## ATTACHMENT A

### (Possession of a Firearm and Ammunition by a Convicted Felon)

On or about August 25, 2025, in Union County, in the District of New Jersey, and elsewhere, the defendant,

### ANTHONY STANGO,

knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess a firearm and ammunition, namely one Glock 23 .40 caliber handgun, bearing serial number PTD292, and eight rounds of .40 caliber ammunition, and the firearm and ammunition were in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

**ATTACHMENT B**

I, Ronald Pascale, am a Special Agent of the Federal Bureau of Investigation. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and other evidence. Where statements of others are related herein, they are related in substance and in part. Because this Complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date and time, I am asserting that it took place on or about the date and time alleged.

1.      On or about August 25, 2025, at approximately 10:49 p.m., law enforcement on patrol observed a white Subaru Impreza (the "Subaru") traveling on Raritan Road in Cranford, New Jersey. The Subaru had a tinted license plate cover, which obscured the license plate. Law enforcement initiated a motor vehicle stop and identified Anthony Stango ("STANGO") as the driver of the Subaru. STANGO's juvenile son was in the passenger seat.

2.      Law enforcement observed a copper scouring pad—an item law enforcement knows, based on their training and experience, to be commonly used in crack cocaine pipes—on the driver's side floorboard, and asked STANGO to exit the Subaru. As STANGO exited the Subaru, law enforcement observed additional drug paraphernalia commonly used to smoke crack cocaine, including a small black torch in the driver's side door compartment, and several small screwdrivers and a wooden stick with a burnt end on the driver's seat.

3.      Law enforcement conducted a lawful search of the Subaru and recovered a tan and black Glock 23 .40 caliber handful, bearing serial number PTD292 (the "Firearm"), eight rounds of .40 caliber ammunition (the "Ammunition"), a white powdery substance consistent with the appearance of cocaine in a plastic bag, and additional drug paraphernalia.

4.      The Firearm and Ammunition were manufactured outside the State of New Jersey and thus traveled in interstate commerce prior to STANGO's possession of them on or about August 25, 2025.

5.      Prior to possessing the Firearm and Ammunition on or about August 25, 2025, STANGO was previously convicted of at least one felony offense. For example, on or about January 6, 2016, STANGO was convicted in the United States District Court for the District of New Jersey for conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846; use of wire communications to promote prostitution, in violation of 18 U.S.C. § 1952(a)(3)(A); and unlawful possession of a weapon by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), for which STANGO was sentenced to 72 months' imprisonment.