

**U.S. Department of Justice**

*United States Attorney's Office*
*District of New Jersey*

---

*970 Broad Street, 7th floor*          *973-645-2700*
*Newark, New Jersey 07102*

AET/PL AGR
2025R00695

June 9, 2026

Adalgiza Nunez, Esq.
Assistant Federal Public Defender
1002 Broad Street
Newark, NJ 07102

Re:   <u>Plea Agreement with Anthony Stango</u>

Dear Ms. Nunez:

This letter sets forth the plea agreement between your client, Anthony Stango ("STANGO"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on June 30, 2026 if it is not accepted in writing by that date. If STANGO does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from STANGO to an Information, which charges STANGO with possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). As part of this agreement, this Office will also accept a guilty plea from STANGO to Violation 2 of the violation petition pending against him in Criminal Number 15-408 (the "Violation Petition"), which alleges that on or about August 25, 2025, STANGO committed a Grade B violation of the terms of his supervision by committing another federal, state, or local crime, namely, the possession of ammunition, which is based on the same events that form the basis for the proposed Information.

If STANGO enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against STANGO for unlawfully possessing a firearm and ammunition on or about August 25, 2025. Moreover, at sentencing, this Office will move to dismiss the remaining violations of supervised release charged in the violation petition.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against STANGO even if the applicable statute of limitations period for those charges expires after STANGO signs this agreement, and STANGO agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 922(g)(1) to which STANGO agrees to plead guilty in the Information carries a statutory maximum prison sentence of 15 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The Grade B violation of supervised release to which STANGO agrees to plead guilty carries a statutory maximum prison sentence of 3 years.

The prison sentences on the Information and the violation of supervised release may run consecutively to each other and to any prison sentence STANGO is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon STANGO is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence STANGO ultimately will receive.

Further, in addition to imposing any other penalty on STANGO, the sentencing judge as part of the sentence:

(1)     will order STANGO to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     may order STANGO to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

- 2 -

(3)    must order forfeiture, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461;

(4)    pursuant to 18 U.S.C. § 3583, may require STANGO to serve a term of supervised release of up to 3 years, which will begin at the expiration of any term of imprisonment imposed. Should STANGO be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, STANGO may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Forfeiture

As part of STANGO's acceptance of responsibility, and pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), STANGO agrees to forfeit to the United States any firearms and ammunition involved or used in the commission of the offense charged in the Information, including but not limited to eight .40 S&W caliber cartridges containing the markings "PMC 40 S&W" on the head stamp (the "Specific Property"). STANGO acknowledges that the Specific Property is subject to forfeiture as firearms or ammunition involved in or used in the violation of 18 U.S.C. § 922(g) charged in the Information.

STANGO waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), STANGO consents to the entry of a forfeiture order that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. STANGO understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise STANGO of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. STANGO further understands that he has no right to demand that any forfeiture of his assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose in addition to forfeiture. STANGO waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

STANGO also consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 984. STANGO agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture

- 3 -

proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent STANGO has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are deemed withdrawn. STANGO further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

STANGO further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of his right, title, and interest in the Specific Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

STANGO further waives, abandons, and surrenders to federal, state, and/or local law enforcement all of his right, title, and interest in the following firearm, which was seized from a white Subaru Impreza on or about August 25, 2025: one .40 Smith & Wesson caliber Polymer80 model PF940C semiautomatic pistol (the "Additional Property"). STANGO further waives any additional notice requirement in connection with the forfeiture and/or abandonment of the Additional Property and consents to its destruction at the discretion of federal, state, and/or local law enforcement.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on STANGO by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of STANGO's activities and relevant conduct with respect to this case.

Stipulations

This Office and STANGO will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these

stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and STANGO waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

STANGO understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in STANGO being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. STANGO understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. STANGO wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause STANGO's removal from the United States. STANGO understands that he is bound by this guilty plea regardless of any immigration consequences. Accordingly, STANGO waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. STANGO also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against STANGO. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against STANGO.

No provision of this agreement shall preclude STANGO from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between STANGO and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ROBERT FRAZER
United States Attorney

By: Alison Thompson
Assistant U.S. Attorney

APPROVED:

James Graham
Acting Chief, Organized Crime/Gangs Unit

- 6 -

I have received this letter from my attorney, Adalgiza Nunez, Esq.  I have read it.  My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences.  I understand this letter fully and am satisfied with my counsel's explanations.  I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties.  I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.  I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____
Anthony Stango

Date:    06/24/2026

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences.  My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____
Adalgiza Nunez, Esq.
Counsel for Defendant

Date:    06/24/2026

- 7 -

Plea Agreement with Anthony Stango

Schedule A

1.    This Office and Anthony Stango ("STANGO") agree to stipulate to the following facts:

a. On August 25, 2025, in Union County, New Jersey, STANGO knowingly possessed eight rounds of .40 caliber ammunition (the "Ammunition").

b. On August 25, 2025, in Union County, New Jersey, STANGO also knowingly possessed approximately 63.581 grams of cocaine.

c. When STANGO possessed the Ammunition on August 25, 2025, he knew that he had previously been convicted of at least one felony offense.   Specifically, he knew that on or about January 6, 2016, he was convicted in the United States District Court for the District of New Jersey for conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846; use of wire communications to promote prostitution, in violation of 18 U.S.C. § 1952(a)(3)(A); and unlawful possession of a weapon by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), for which STANGO was sentenced to 72 months' imprisonment.

d. On August 25, 2025, STANGO was on supervised release and knew that one of the conditions of his supervised release was that he not commit another federal, state, or local crime during his term of supervision.

2.    The parties agree that a sentence within the range of 36 to 48 months' imprisonment (the "Stipulated Range") for the charge in the Information, to run concurrent to a sentence of 18 months' imprisonment for the Grade B violation of supervised release, is appropriate in this case.  The parties agree that a term of imprisonment within the Stipulated Range is reasonable taking into account all of the factors under 18 U.S.C. § 3553(a).  Each party agrees not to advocate for any term of imprisonment outside the Stipulated Range.  The parties recognize, however, that the Stipulated Range will not bind the District Court. Further, STANGO understands that he will have no right to withdraw his guilty plea if the Court does not follow the parties' recommendation.

3.    If the District Court imposes a term of imprisonment within the Stipulated Range:

a.  This Office will not appeal any component of that sentence.  The term "any component of that sentence" means the term of imprisonment, the term (and conditions) of supervised release, any fine, any restitution, any forfeiture, and the special assessment.

- 8 -

b. STANGO will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify the judgment of conviction or any component of the sentence.

c. These waiver provisions, however, do not apply to any component of the sentence that is below an applicable statutory minimum penalty or above an applicable statutory maximum penalty for STANGO's offenses of conviction.

4. These waiver provisions also do not apply to:

a. Any proceeding to revoke the term of supervised release.

b. A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

c. An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

5. Lastly, the parties have stipulated to certain facts above. The parties recognize that none of those stipulations bind the District Court. Furthermore, neither party will challenge at any time, using any means, the District Court's acceptance of a stipulated fact.